# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **WILLIAM F. BURRIS,** | : | C.A. No. K20M-10-021 NEP |
| | : | In and for Kent County |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **SUPERIOR COURT and** | : | |
| **STATE OF DELAWARE,** | : | |
| | : | |
| Respondents. | : | |

Submitted: November 16, 2020
Decided: December 15, 2020

## **ORDER**

Upon consideration of the application to proceed *in forma pauperis* and the Petition for Writ of Mandamus of Petitioner William F. Burris (hereinafter "Mr. Burris"), the Court finds as follows:

Mr. Burris is an inmate at the James T. Vaughn Correctional Center and has filed a Petition for Writ of Mandamus, which asks this Court to order a correction of his "good time"[1] recorded on his "status sheet."[2]  Having considered Mr. Burris's amended application to proceed *in forma pauperis*, the Court finds that the application should be granted.

Pursuant to 10 *Del. C.* § 8803(b), the Court must review whether an *in forma pauperis* claim is legally or factually frivolous, or malicious.[3]  Upon such a finding,

---

[1] *See* 11 *Del. C.* § 4381(c) (providing that "good time may be earned for good behavior" while in custody if certain requirements are met.)

[2] Burris Pet. for Writ of Mandamus, at 3-4 (Oct. 20, 2020).

[3] 10 *Del. C.* § 8803(b).

the Court shall dismiss the action.[4]  A claim is factually frivolous where the factual allegations are "baseless, of little or no weight, value or importance, [or] not worthy of serious attention or trivial."[5]  A claim is legally frivolous where it is "based on an indisputably meritless legal theory."[6]  A claim is malicious where it is "designed to vex, injure or harass, or . . . is otherwise abusive of the judicial process or . . . realleges pending or previously litigated claims."[7]

"A writ of mandamus is an extraordinary remedy issued by this Court to compel a lower court, agency, or public official to perform a nondiscretionary or ministerial duty."[8]  It is within this Court's discretion to issue a writ; it is not a matter of right.[9]  This Court may not issue a writ unless the petitioner demonstrates that he or she "'has a clear legal right to the performance of the duty; no other adequate remedy is available; and the lower body [court, agency, or public official] has arbitrarily failed or refused to perform that duty.'"[10]  This Court has stated that "[a] nondiscretionary or ministerial duty must be 'prescribed with such precision and certainty that nothing is left to discretion or judgment.'"[11]  If a petitioner seeks to enforce a "duty that is discretionary, the right is doubtful, the power to perform the duty is inadequate or waning, or if any other adequate remedy exists," then this Court will not issue a writ of mandamus.[12]

---

[4] *Id.*

[5] *Id.* § 8801(4).

[6] *Id.* § 8801(7).

[7] *Id.* § 8801(8).

[8] *Allen v. Coupe*, 2016 WL 676041, at *2 (Del. Super. Feb. 18, 2016) (citing *Brittingham v. Town of Georgetown,* 113 A.3d 519, 524 (Del. 2015)).

[9] *Id.* (citing *Shah v. Coupe,* 2014 WL 5712617, at *1 (Del. Super. Nov. 3, 2014)).

[10] *Id.* (quoting *Nicholson v. Taylor,* 882 A.2d 762 (TABLE), 2005 WL 2475736, at *2 (Del. Aug. 23, 2005)).

[11] *Id.* (quoting *Nicholson,* 2005 WL 2475736, at *2).

[12] *Id.* (citing *Pinkston v. DE Dept. of Corr.,* 2013 WL 6439360, at *1 (Del. Super. Dec. 4, 2013)).

In *Desmond v. Phelps*, the claimant filed a writ of mandamus asking this Court, *inter alia*, to order a warden to reclassify his prison housing from maximum security to less restrictive housing and to remove a disciplinary report from his record.[13] The Court dismissed the claimant's petition because the decision of whether to change a prisoner's classification is a "discretionary duty" of prison officials.[14] The Court also found that it would not order the warden to remove the claimant's disciplinary report from his record because the petitioner "neither demonstrated a clear right to such an action nor [did] he show[] the act to be non-discretionary."[15] Finding that the "petitioner [had] not provided any demonstration that he [had] a clear legal right to a non-discretionary duty," the Court denied the petitioner's request for mandamus as legally frivolous.[16]

Likewise, in *Williams v. Williams*, the Supreme Court of Delaware dismissed the petitioner's request for a writ of mandamus because he "failed to demonstrate a clear right to the performance of a duty by prison officials."[17] In that case, the petitioner asked this Court to issue a writ of mandamus requiring the warden and records administrator at his correctional facility to deduct the Level V time he had served on a violation of probation ("VOP") sentence from an unrelated sentence that he was waiting to serve.[18] The claimant argued that "because he served 1 year and 4 months of his Level V VOP sentence before entering the Key Program, which takes approximately 2 years to complete, his sentence [would] exceed the VOP sentence originally imposed by the Superior Court."[19] The Supreme Court held that

---

[13] *Desmond v. Phelps*, 2011 WL 7144241, at *1 (Del. Super. Nov. 4, 2011), *aff'd,* 36 A.3d 348 (Del. 2012).
[14] *Id.* at *3.
[15] *Id.*
[16] *Id.*
[17] *Williams v. Williams*, 862 A.2d 386 (TABLE), 2004 WL 2743553, at *1 (Del. Nov. 24, 2004).
[18] *Id.*
[19] *Id.*

the claimant did not "demonstrate a clear right to the performance of a duty by prison officials" because there was "no evidence that he [had] been denied credit for the time he spent at Level V on the VOP sentence prior to entering the Key Program, and that, as a result, prison officials [had] incorrectly calculated his short-term release date."[20] The Supreme Court found that the claimant's contention that his sentence would exceed the VOP sentence imposed by this Court was not supported by the evidence and affirmed this Court's decision to dismiss the petitioner's request for a writ of mandamus as factually frivolous.[21]

Here, Mr. Burris requests this Court to order that his "status sheet reflect 900 statutory earned good time [sic],"[22] but he has neither demonstrated a clear legal right to his request, nor has he provided evidence to support his contention.[23] Namely, Mr. Burris states that the records department at his correctional facility has issued a status sheet giving him 364 days of credit, but he does not provide any evidence as to why his status sheet should reflect 900 days of good time credit.[24] Therefore, because Mr. Burris has submitted no evidence that he has been denied credit for the number of days that he seeks for this Court to order to be added onto his status sheet, his claim is factually frivolous. Additionally, given that Mr. Burris has named the Superior Court and the State of Delaware as respondents, it is not clear what entity he is alleging has a duty to correct his status sheet. Finally, Mr. Burris does not have a statutory right to good time credit.[25] Whether or not an inmate

---

[20] *Id.*

[21] *Id.*

[22] The Court presumes Mr. Burris meant to say "900 statutory earned *days of* good time."

[23] Burris Pet. for Writ of Mandamus, at 4.

[24] *Id.* at 1-4. Mr. Burris states in his petition that since 2018, he has sought through the Department of Correction's records and the sentencing court's records the "correct" amount of good time, "which has not been granted," but he has not provided any evidence of why his status sheet should include an additional 536 days of good time credit.

[25] 11 *Del. C.* § 4381(c)(1)-(2).

4

receives good time credit is discretionary.[26] Mr. Burris's claim has no legal merit and therefore is legally frivolous.

Accordingly, it is apparent to the Court that dismissing the Petition is appropriate pursuant to 10 *Del. C.* § 8803(c).

**WHEREFORE**, Petitioner's request to proceed *in forma pauperis* is **GRANTED**, and his petition for writ of mandamus is **DISMISSED** as factually and legally frivolous.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
*Via File & ServeXpress and U.S. Mail*
oc:    Prothonotary
        William F. Burris, JTVCC
        file

---

[26] *Id.* (stating that "good time *may* be awarded . . . .").